IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS ROBERTS and DIANE ROBERTS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 14-cv-01063-JPG-SCW |
| ALEXANDRIA TRANSPORTATION, INC., *et al,*, | ) ) ) ) |
| Defendants. | ) ) |
| ALEXANDRIA TRANSPORTATION, INC., ALEXANDRE SOLOMAKHA, And ALEX EXPRESS, LLC., | ) ) ) ) |
| Third-party Plaintiffs, | ) ) |
| v. | ) ) |
| STATEWIDE TIRE DISTRIBUTORS, INC. and EDWARDS-KAMALDUSKI, LLC, | ) ) ) ) |
| Third-party Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Third-party Defendant Statewide Tire Distributors, Inc.'s ("Statewide") Motion (Doc. 93) to Dismiss Third-party Alexandria Transportation, Inc., and Alexandre Solomkha's Third-party Complaint (Doc. 62) for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I. Background.**

This action arises from personal injuries sustained in a motor vehicle accident that occurred on September 16, 2013, involving the Plaintiff, Thomas Roberts and Alexandre Solomakha. According to the Amended Complaint, Plaintiff Thomas Roberts was operating a

2012 Dodge Ram on westbound Interstate 70 in Madison County, Illinois, and had come to a stop due to construction. Defendant Solomakha was operating a 1998 Freightliner tractor behind Plaintiff Thomas Roberts and failed to stop resulting in the Freightliner colliding with the rear of the plaintiff's vehicle. The incident resulted in "permanent and disabling injuries" to Plaintiff Thomas Roberts including injuries to his "head and spine."

Defendants Alexandria Transportation, Inc. and Alexandre Solomakha filed a third-party complaint (Doc. 62) alleging that Plaintiff Thomas Roberts was an employee or agent of Statewide. It furthers alleges that Statewide failed to properly train and/or supervise Plaintiff with regard to the operation of a motor vehicle. The third-party complaint also alleges that Edwards-Kamadulski was performing the construction work and owed a duty to the general public for the use of ordinary care in directing traffic through the construction zone. Statewide now motions to dismiss the third-party complaint for failure to state a claim.

**II. Standard.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

**III**. **Analysis.**

The third-party complaint alleges that Plaintiff Thomas Roberts was an employee and/or agent of Statewide. It further alleges that Statewide "individually and through its agents, servants, and employees owed a duty to properly instruct, train, and direct Plaintiff Thomas Roberts in the work he was engaging in at the time of the complained-of incident." (Doc. 62, pg 4). It further alleges that Statewide failed in its duty in that Statewide:

1. negligently failed to properly train Plaintiff Thomas Roberts in performing his job-related tasks;
2. negligently failed to properly supervise Plaintiff Thomas Roberts;
3. negligently failed to require that Plaintiff Thomas Roberts to be competent and trained to operate the motor vehicle and failed to provide Thomas Roberts with a properly functioning motor vehicle; and
4. failed to require Thomas Roberts to comply with all applicable safety regulations while working.

The third-party complaint states that the Plaintiff Thomas Roberts was injured as a result of one or more of the above negligent acts.

A claim of negligent supervision and/or training under Illinois law requires that: (1) the employer had a duty to supervise its employees, (2) the employer negligently supervised the employee, and (3) such negligence proximately caused the plaintiff's injuries. *Van Horne v. Muller*, 294 Ill. App. 3d 649, 657, 691 N.E.2d 74, 79 *aff'd in part, rev'd in part on other grounds*, 185 Ill. 2d 299, 705 N.E.2d 898 (1998).

Statewide's only argument is that the, "Third-Party Plaintiffs have offered no basis upon which they can predicate a duty by the employer which conceivably, if breached, would be a proximate cause of its driver's injuries." (Doc. 93, pg 7). Statewide cites to *De David v. Alaron Trading Corp.*, 796 F.Supp.2d 915 (N.D.Ill. 2010)[1], which held that, "For an employer to be liable for negligent supervision, "it must be established that the employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, having this knowledge, failed to supervise the employee adequately, or take other action to prevent the harm." *Id.* at 923, citing *Doe v. Brouillette,* 389 Ill.App.3d 595, 329 Ill.Dec. 260, 906 N.E.2d 105, 115–16 (2009) (internal quotations and citations omitted). *De David* further found that the complaint at issue in that matter was sufficiently plead as it contained allegations of the three elements cited above *and* that the employer had reason to know that the employees "were unfit and untrustworthy." *Id.*

However, *De David* was citing a quote from the *Doe* court that pertained to the elements necessary to establish liability at the summary judgment stage. *Doe, at 606.* At the pleading stage, negligent supervision only requires allegations that: (1) an employer had a duty to supervise its employees, (2) the employer negligently supervised an employee, and (3) such negligence proximately caused the plaintiff's injuries. *Mueller v. Community Consolidated Sch. Dist. 54,* 287 Ill.App.3d 337, 342-3 (1997). There is no requirement for the complaint to contain additional allegations.

Third-party plaintiffs have alleged a duty that Statewide "individually and through its agents, servants, and employees owed a duty to properly instruct, train, and direct Plaintiff Thomas Roberts in the work he was engaging in at the time of the complained-of incident." At

---

[1] The Court notes that this case is not controlling precedent, but the Court will consider the reasoning of the decision.

the pleading stage, this allegation is sufficient with regard to a duty to supervise. Further, it describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests.

The remainder of the cases cited in Statewide's motion deal with the elements and evidence sufficient at the summary judgment stage. As stated above, federal courts have liberal notice pleading standards. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). The third-party complaint is only required to describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and plausibly suggests that the plaintiff has a right to relief above a speculative level.

**IV. Conclusion.**

Based on the above, the Court finds that the third-party complaint sufficiently alleges a duty on behalf of Statewide and Statewide's Motion (Doc. 93) to Dismiss Third-party Alexandria Transportation, Inc., and Alexandre Solomkha's Third-party Complaint is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** 2/17/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**