# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS ROBERTS and <br> DIANE ROBERTS, <br><br> Plaintiffs, <br><br> vs. <br><br> ALEXANDRIA TRANSPORTATION, <br> INC., *et al*. <br><br> Defendants, <br><br>――――――――――――――― <br><br> ALEXANDRIA TRANSPORTATION, <br> INC. AND ALEXANDRE SOLOMAKHA, <br><br> Third-Party Plaintiffs, <br><br> vs. <br><br> STATEWIDE TIRE DISTRIBUTORS, <br> INC., *et al*., <br><br> Third-Party Defendants. | Case No. 14-cv-01063-JPG-SCW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs and Third-party defendant Edwards-Kamadulski, LLC's Joint Motion (Doc. 189) for a Good-Faith Finding. The motion being fully briefed, the Court held a hearing on the motion on April 26th, 2017.

1. **Background**.

This case arose from an accident which occurred westbound on Interstate 70 in Madison County on September 16, 2013. Plaintiff Thomas Roberts was driving a 2012 Dodge Ram 4500 and was stopped due to construction on the road when he was struck in the rear by a Freightliner tractor trailer driven by defendant Solomakha. Defendants Solomakha, Alexandria

1

Transportation, Inc. and Alex Express, LL brought a third-party complaint (Doc. 116) against Edwards-Kamadulski, LLC ("Edwards"), Safety International, LLC and Statewide Tire Distributors, Inc. The plaintiffs and third-party defendant Edwards now seek an order finding that the settlement agreement between the plaintiffs and Edwards was made and entered into in good faith with the meaning of the Illinois Joint Tortfeasor Contribution Act (740 ILCS 1000/1, *et seq*.).

2. **Standards.**

The Illinois Joint Tortfeasor Contribution Act provides that:

> (c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.
>
> (d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor.

740 Ill. Comp. Stat. Ann. 100/2.

"The Contribution Act does not specifically define good faith; in determining whether an agreement was made in good faith, all of the surrounding circumstances must be considered. However, once a preliminary showing of a good-faith settlement has been made, the burden shifts to the party challenging the settlement to establish that it was not made in good faith." *Wilson v. Hoffman Group, Inc.*, 546 N.E.2d 524, 529 (Ill. 1989).

> Having reviewed the relevant case law, we conclude that, when a court determines whether a settlement was negotiated in good faith within the meaning of the Contribution Act, the settling parties carry the initial burden of making a preliminary showing of good faith. At a minimum, the settling parties must show the existence of a legally valid settlement agreement. However, not all legally

valid settlements satisfy the good-faith requirements of the Contribution Act. Therefore, other factual evidence may be necessary before the court may determine, as an initial matter, whether the settlement is fair and reasonable in light of the policies underlying the Contribution Act.

Further, we are persuaded by the well-reasoned decision in *Bowers* that, once a preliminary showing of good faith has been made by the settling parties, the party challenging the good faith of the settlement need prove the absence of good faith by a preponderance of the evidence.

...

This court has previously recognized that the Contribution Act seeks to promote two important public policies—the encouragement of settlements and the equitable apportionment of damages among tortfeasors. When a court decides whether a settlement was negotiated in "good faith," it must strike a balance between these two policy considerations.

. . .

A settlement will not be found to be in good faith if it is shown that the settling parties engaged in wrongful conduct, collusion, or fraud. Nor will a settlement agreement satisfy the good-faith requirement if it conflicts with the terms of the Act or is inconsistent with the policies underlying the Act. *Dubina v. Mesirow Realty Development, Inc.,* 197 Ill.2d at 192, 258 Ill.Dec. 562, 756 N.E.2d 836 (assignment of plaintiffs' claims against nonsettling tortfeasors to settling tortfeasors was contrary to the terms of and policies underlying the Act); *In re Guardianship \*135 of Babb,* 162 Ill.2d 153, 205 Ill.Dec. 78, 642 N.E.2d 1195 (1994) (settlement containing loan-receipt provision conflicted with the terms of the Act and did not promote settlements or the equitable apportionment of damages). Ultimately, however, whether a settlement satisfies the good-faith requirement as contemplated by the Contribution Act is a matter left to the discretion of the trial court based upon the court's consideration of the totality of the circumstances.

*Johnson v. United Airlines*, 784 N.E.2d 812, 820 -821 (Ill. 2003).

**3. Analysis**.

Third-party plaintiffs object to the settlement stating that the settling third-party defendant is more liable than the third-party plaintiffs. (Doc. 195). They state that plaintiff is, "claiming approximately $500,000 in medical bills, alleged future medical treatment totaling more than $500,000 and a wage loss claim of being unable to work for the rest of his life, the alleged damages exceed $1 million, without taking into account past pain and suffering. Plaintiffs' last demand was $2 million and the settlement amount of $50,000 on behalf of Edwards-Kamadulski amounts to less than 3% of the demand." *Id.* at 4.

As such, third-party plaintiffs claim that settlement goes against the purpose of the Contribution Act with regard to the equitable apportionment of damages among tortfeasors. However, "[a] small settlement does not necessarily indicate a bad faith settlement. 'We are also unpersuaded that the amount of the settlement here is an indication of bad faith. It is true that plaintiffs' complaints sought damages in the millions of dollars and that the settlements with Quincy were for the nominal figure of $1,000 per plaintiff. However, the disparity between the settlement amount and the *ad damnum* in the complaint is not an accurate measure of the good faith of a settlement. Nor does the small amount of the settlement, alone, require a finding of bad faith. The amount of a settlement must be viewed in relation to the probability of recovery, the defenses raised, and the settling party's potential legal liability." *Johnson v. United Airlines*, 784 N.E.2d 812, 822–23 (Ill. 2003).

The plaintiffs' reply states that the settlement negotiations were at arms-length and were not the result of wrongful conduct, collusion, or fraud. They state that the settlement is consistent with the public policy goals of the Contribution Act and that, "the Parties were fully apprised of the liability and damages claimed." Plaintiffs further argue that defendant

Solomakha was unable to stop and was ticketed for driving too fast for conditions and as such, was the sole cause of the accident. They further argue that they have a valid settlement agreement and that third-party plaintiffs have not meet their burden by a preponderance of the evidence that there is an absence of good faith.

After consideration of the briefs and the oral arguments at the hearing, the Court finds that there exist a legally valid settlement agreement between the plaintiffs and third-party defendant Edwards-Kamadulski, LLC. There is no evidence, or even an allegation, that the settling parties engaged in wrongful conduct, collusion, or fraud. As such, the Court finds that the settlement satisfies the good-faith requirement of the terms of the Illinois Joint Tortfeasor Contribution Act and is not inconsistent with the Act's underlying policies.

4. **Conclusion.**

For the above stated reasons, Plaintiffs and Third-party defendant Edwards-Kamadulski, LLC's Joint Motion (Doc. 189) for a Good-Faith Finding is **GRANTED** and the Court finds that the settlement between the plaintiffs and third-party defendant Edwards-Kamadulski, LLC was made and entered into in good faith with the meaning of the Illinois Joint Tortfeasor Contribution Act .

**IT IS SO ORDERED.**

**DATED:** 5/4/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**