# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS ROBERTS and DIANE ROBERTS, <br><br> Plaintiffs, <br><br> v. <br><br> ALEXANDRIA TRANSPORTATION, INC., *et al.*, <br><br> Defendants. <br><br> ALEXANDRIA TRANSPORTATION, INC., *et al.*, <br> Third-Party Plaintiffs, <br><br> vs. <br><br> STATEWIDE TIRE DISTRIBUTORS, INC., *et al.*, <br> Third-Party Defendants. | Case No. 3:14-cv-01063-JPG-SCW |

## **MEMORANDUM & ORDER**

This matter comes before the Court on the plaintiffs' and defendants' Joint Motion To Dismiss With Prejudice All Of Plaintiff's Claims Against Defendants. (Doc. 250.) In their motion, the plaintiffs and defendants indicate that they have reached a settlement agreement. Now, they move the Court to dismiss with prejudice all pending counts asserted by the plaintiffs against the defendants pursuant to that agreement. The parties do not indicate, however, under which Federal Rule of Civil Procedure they bring their motion.

First, if the parties intended this motion to be a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii), it fails. That rule allows a plaintiff to dismiss an action without a court order by filing "a stipulation of dismissal signed **by all parties who have appeared**". FED. R. CIV. P.

1

41(a)(1)(A)(ii) (emphasis added). The effect of such a stipulation is the immediate dismissal of the case—the Court need not issue an order to effectuate the dismissal. *See, e.g., Scott v. Delbert Servs. Corp.,* 973 F. Supp. 2d 949 (E.D. Wis. 2013). But here, the parties' motion has not been signed by Statewide Tire Distributors, Inc. and Safety International, LLC—two remaining third-party defendants that have appeared in this case. Accordingly, the parties' motion does not satisfy Rule 41(a)(1)(A)(ii) and the Court finds that the case has not yet been dismissed.

Second, if the parties intended the Court to construe their motion as one under Federal Rule of Civil Procedure 41(a)(2), they have not yet made the proper showing. Rule 41(a)(2) allows an action to be dismissed at a plaintiff's request only by court order. This manner of dismissal is at the sound discretion of the trial court. *Wojtas v. Capital Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007). But here, the Court is concerned that dismissal with prejudice of the plaintiffs' claims against the defendants without the consent of the third-party defendants—Statewide Tire Distributors, Inc. and Safety International, LLC—will unduly prejudice those third-party defendants in this matter.

Accordingly, the Court **DENIES** the plaintiffs' and defendants' Joint Motion To Dismiss With Prejudice All Of Plaintiff's Claims Against Defendants. (Doc. 250.) The parties will have an opportunity to refile, but this time, they must indicate under which Federal Rule of Civil Procedure they bring their motion. If they decide to bring their motion under Federal Rule of Civil Procedure 41(a)(2), they must explain why the remaining third-party defendants will not be prejudiced by the Court's dismissal.

**IT IS SO ORDERED.**

**DATED: DECEMBER 11, 2017**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
