# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS ROBERTS and<br>DIANE ROBERTS,<br><br>       Plaintiffs,<br><br>  v.<br><br>ALEXANDRIA TRANSPORTATION, INC.,<br>*et al.*,<br><br>       Defendants.<br><br>ALEXANDRIA TRANSPORTATION, INC.,<br>*et al.*,<br><br>       Third-Party Plaintiffs,<br><br>  v.<br><br>SAFETY INTERNATIONAL, LLC,<br><br>       Third-Party Defendant. | Case No. 3:14-cv-01063-JPG-SCW |

## **MEMORANDUM AND ORDER**

As the remaining third-party claim in this case gallops towards trial, the parties have filed briefs on a few matters. (Docs. 270, 272–73.) The gist is that third-party defendant Safety International, LLC ("Safety") thinks that the defendants/third-party plaintiffs in this case—Alexandria Transportation, Alexandre Solomakha, and Alex Express, LLC (collectively, "Alex")—grossly overpaid the plaintiffs in their settlement. Since Alex is now seeking contribution to that settlement from Safety as a joint tortfeasor, Safety argues that Alex should have to prove to the jury that the settlement amount was in good faith and/or reasonable—otherwise, Safety believes that they could be on the hook for more money than their pro rate share of liability would entail. Safety also argues that all settling parties—the plaintiffs, Alex,

1

and third-party defendant Edwards-Kamadulski, LLC ("Edwards")—should be listed on the jury verdict form so that the jury can adequately apportion fault in this case amongst every party involved in the common liability towards the plaintiffs' injuries.

## I. BACKGROUND

The Court extensively outlined the facts of this case in its order denying summary judgment (*See* Doc. 262.) In a construction zone on I-70 westbound, Alex's freightliner smashed into the plaintiffs' car, causing severe injury. Allegedly, a traffic flagger at the site caused the accident because he failed in his duties to direct and slow down traffic. The plaintiffs—Thomas and Diane Roberts—sued Alex, and Alex then brought third-party claims against a few parties for contribution as joint tortfeasors pursuant to Illinois's Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et seq*. (Doc. 116.) These other tortfeasors include (1) Edwards, the general contractor at the construction zone; and (2) Safety, the company that Edwards hired to preside over safety-related issues at the site.

A few years into this litigation, the plaintiffs settled with Edwards for $50,000. (*See* Doc. 189.) This released Edwards from Alex's contribution claim. Alex objected to the settlement, however, arguing that it was not in good faith because the plaintiffs were seeking a total of $2 million in damages in this case—meaning Edwards's $50,000 settlement amounted to less than 3% of the total demand. (Doc. 195.) The Court overruled Alex's objection and entered a good-faith finding of settlement. (Doc. 209.) Safety never objected to the Edwards settlement.

In late 2017, the plaintiffs settled with Alex for an undisclosed amount. All remaining parties—the plaintiffs, Alex, and Safety—signed a stipulated dismissal under Federal Rule of Civil Procedure 41(a)(1)(a)(ii) to dispose of the plaintiffs' claims, though Safety "denie[d] and object[ed] to the allocation of damages as set forth in the Release of All Claims" in the

stipulation. (Doc. 260.) Accordingly, the only claim left in this case is Alex's third-party contribution claim against Safety.

On the eve of trial, the parties now seek clarification on a few matters. First, Safety believes that Alex should have to prove to the jury that their settlement amount with the plaintiffs was in good faith. (Doc. 270.) Second, they argue that all of the settling parties—Alex, Edwards, and the plaintiffs—should also be listed on the jury verdict form so that the jury can adequately apportion each party's pro rata share of liability. (*Id.*)

## II. LEGAL STANDARDS

Since this action is rooted in diversity jurisdiction, Illinois tort law governs: a federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008). Procedural matters, however, are still governed by federal law. *Hanna v. Plumer*, 380 U.S. 460, 469–74, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). When evaluating whether a particular state law is procedural or substantive, district courts take as their starting point the "outcome-determinative" test of *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945): whether "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court."

## III. ANALYSIS

### A. The Verdict Form

First, Safety believes that all of the settling parties in this case should be on the verdict form. This is an issue of substance, not procedure: state law informs the content of jury

instructions, including the verdict form. *Lasley v. Moss*, 500 F.3d 586, 589 (7th Cir. 2007). Accordingly, the parties all agree that Illinois law applies here.

As an initial matter, it is clear that the settling plaintiffs—Thomas and Diane Roberts—should not be on the verdict form. This trial is about Alex's third-party contribution claim against Safety—specifically, contribution towards the settlement that Alex has already made with the plaintiffs. That settlement already takes into account the plaintiffs' contributory negligence and deducts that proportion from the settlement amount, so Safety cannot "double-dip" into the Roberts' contributory negligence tub by re-installing them on the verdict form. *See Barnai v. Wal-Mart Stores, Inc.,* 2017 IL App (1st) 171940, ¶ 14, 93 N.E.3d 534, 539; *Ewanic v. Pepper Const. Co.*, 305 Ill. App. 3d 564, 569, 712 N.E.2d 852, 855 (1999). Conversely, however, Alex must be on the verdict form even though they have already settled with the plaintiffs: In a contribution action, the jury must be able to apportion fault between the contribution plaintiff and any contribution defendants. *See* Illinois Pattern Instruction 600.16.

The third issue is the difficult one: whether Edwards should be on the verdict form. Like Safety, Edwards was a third-party contribution defendant of Alex. But Edwards settled directly with the plaintiffs, extinguishing Alex's contribution claim against Edwards. Safety nevertheless believes that Edwards should be on the verdict form so that the jury can fairly apportion fault between the parties contributing to the "common liability" towards the plaintiffs.

This issue centers on the meaning of "common liability." Section 2(b) of the Joint Tortfeasor Contribution Act provides:

> "The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability."

4

740 ILCS 100/2(b). The Illinois Pattern Instructions define the "common liability" as the "total sum of the liability **of all persons who contributed as a cause to the plaintiff's injury**, no matter how small each share of that liability might be." Illinois Pattern Instruction ("IPI") 600.00 (emphasis added) (citing *Ziarko v. Soo Line R.R. Co.*, 234 Ill.App.3d 860, 602 N.E.2d 5, 176 Ill.Dec. 698 (1st Dist. 1992); *Mallaney v. Dunaway*, 178 Ill.App.3d 827, 831, 533 N.E.2d 1114, 1116, 128 Ill.Dec. 26, 28 (3d Dist. 1988)). But another Illinois appellate case gives a second, more narrow definition: "that amount actually **paid by the parties defendant to the injured party** pursuant to a good-faith settlement in a reasonable amount in exchange for a full release." *Zellers v. Hernandez*, 406 Ill. App. 3d 124, 127, 941 N.E.2d 928, 932 (2010) (emphasis added) (quoting *Mallaney*, 178 Ill.App.3d at 832). This is problematic: the Illinois Pattern Instructions definition indicates that Edwards is part of the common liability because they are within the category of "all persons who contributed as a cause to the plaintiff's injury." *See* IPI 600.00. But under the *Zellers* approach, Edwards is not part of the common liability because they are not a party defendant to the injured party: the plaintiffs, Thomas and Diane Roberts. Instead, they are a party defendant to Alex via the third-party complaint.

Alex capitalizes on this discrepancy and argues that the Court should bar Edwards from appearing on the verdict form for the reason seen in *Zellers*. Alex also summons another case—*Ready v. United/Goedecke Servs., Inc.*, 232 Ill. 2d 369, 905 N.E.2d 725 (2008)—which analyzed whether section 2–1117 of the Illinois Code of Civil Procedure applies to good-faith settling tortfeasors who have been dismissed from a lawsuit. In *Ready*, an employee was killed on the job during a construction incident. *Id.* at 372. The employee's estate brought a wrongful-death suit against the general contractor and the subcontractor of the site, and those two defendants then brought a third-party complaint against the decedent's employer pursuant to the Joint Tortfeasor

Contribution Act. The decedent's estate then amended its complaint to add the employer as a direct defendant. Following a settlement agreement between the estate, the employer, and the contractor, only the subcontractor remained in the suit. *Id*.

The case went to trial between the decedent's estate and the subcontractor. *Id.* at 373. The verdict form only included those two parties, and the jury then apportioned liability at 65% for the subcontractor and 35% for the decedent. The jury also awarded damages in the amount of $14.23 million. Pursuant to section 2–1117, the trial court then found the subcontractor jointly and severally liable for the damages and entered judgment against the subcontractor in the amount of $8.137 million, after offsetting the decedent's 35% comparative negligence and the settlement amounts paid by the employer and the contractor. *Id*.

The subcontractor appealed, arguing that the trial court should have also listed the general contractor and employer on the verdict form so that the jury could take into account their share of fault as compared to the subcontractor. *Id.* at 373–74. The Illinois Supreme Court disagreed, holding that section 2–1117—which deals specifically with joint and several liability—"does not apply to good-faith settling tortfeasors who have been dismissed from the lawsuit." *Id.* at 385. *Ready* focused on the phrase "defendants sued by the plaintiff" in section 2–1117; found that the phrase was ambiguous; and noted that the legislative history of the section indicated that it was not meant to apply to good-faith settling tortfeasors. *Id.* at 374–385.

Safety does not cite to *Ready* in their trial brief. Instead, they rely on two Illinois appellate cases that are more directly on point. The first case held that under the Joint Tortfeasor Contribution Act, settling defendants must be listed on the jury verdict form if they contributed to the common liability. *Truszewski v. Outboard Motor Marine Corp.*, 292 Ill. App. 3d 558, 565, 685 N.E.2d 992, 996 (1997). This is because "[one defendant's] pro rata share of the common

liability cannot be fairly assessed without reference to [the settling defendant's] pro rata share" pursuant to 740 ILCS 100/2(b). *Id. Truszewski* further explained:

> The Contribution Act provides a defendant who enters into a good faith settlement has no further liability. [One defendant's settlement] was a good faith settlement, and [that defendant] was therefore discharged from liability for contribution. Accordingly, [that defendant]'s presence on the jury form could not have caused [that defendant] to pay again. **[Rather,] [a] jury's assessment of [that defendant]'s pro rata share of common liability would serve only to facilitate its assessment of [the trial defendant]'s pro rata share.**

*Id.* (emphasis added). That is exactly the procedure that Safety asks for here: they are not asking the Court to order Edwards to pay more money, but are rather asking for the jury to be able to consider Edwards in its total assessment of Safety's pro rate share of liability for the plaintiffs' injuries.

Safety also relies on a second case: *Barnai v. Wal-Mart Stores, Inc.,* 2017 IL App (1st) 171940, 93 N.E.3d 534, *appeal denied sub nom. Wal-Mart Stores, Inc.*, No. 123133, 2018 WL 1418299 (Ill. Mar. 21, 2018), and *appeal denied sub nom. Wal-Mart Stores, Inc.*, No. 123170, 2018 WL 1419521 (Ill. Mar. 21, 2018). In *Barnai*, the three defendants—Wal-Mart, International Contractors, and Nuline Technologies—filed a third-party contribution claim against a third-party defendant: Summit Fire Protection Company (Summit). *Id.* at ¶ 3. The three defendants settled with the plaintiff, but the contribution claim against Summit proceeded to trial. The trial court committed reversible error, however, because its verdict form only included Wal-Mart, International Contractors, and Summit: The form did not include Nuline Technologies, even though Nuline had contributed to the "common liability" in the case. *Id.* at ¶ 16–20. *Barnai* cited to *Truszewski* and stated:

> [T]o determine each contribution defendant's pro rata share of the common liability, the jury must be allowed to apportion fault to each party that contributed to the settlement fund, including settling defendants who are not parties to the contribution case.

7

*Id.* at ¶ 17 (citing *Truszewski*, 292 Ill. App. at 565).

Alex thinks that *Barnai* is not instructive here because that case only dealt with parties that contributed to a settlement fund. That would distinguish *Barnai* from this case, where the Alex trio were the only parties to contribute to the settlement fund to the Roberts. But Alex has not read *Barnai* closely enough: that case did not say that *only* parties that contributed to a settlement fund are part of the common liability and thus are the only ones that can appear on the verdict form. Rather, the settlement fund was simply the mechanism of common liability specific to *Barnai*. *Id.* at ¶ 17. Here, even though the Alex trio were the ones that contributed to the settlement fund, Edwards is still part of the common liability: they are "a person who [may have] contributed as a cause to the plaintiff's injury," considering they were the contractors at the construction site and they have settled with the plaintiffs' for their corresponding injury at that site. Illinois Pattern Instruction 600.00 (citing *Ziarko v. Soo Line R.R. Co.*, 234 Ill.App.3d 860, 602 N.E.2d 5, 176 Ill.Dec. 698 (1st Dist. 1992)).

To further drive home this point, *Barnai* did not cite to *Ready*. And there is no indication that *Ready* overruled *Truszewski*. This is because *Barnai* and *Truszewski* dealt with interpretations of Section 2(b) of the Contribution Act—like this case does—while *Ready* dealt with a very similar issue in section 2–1117 of the Illinois Code of Civil Procedure, which deals specifically with joint and several liability. Moreover, in March of this year, the Illinois Supreme Court declined to hear an appeal of *Barnai*—indicating that it is good law. *See Wal-Mart Stores, Inc. v. Summit Fire Protection Company*, No. 123133, 2018 WL 1418299 (Ill. Mar. 21, 2018) and *Wal-Mart Stores, Inc. v. Summit Fire Protection Company*, No. 123170, 2018 WL 1419521 (Ill. Mar. 21, 2018) (denying leave to appeal). Accordingly, the Court agrees with Safety that

Edwards should appear on the verdict form because they are a contributor to the common liability towards the plaintiffs: Thomas and Diane Roberts.

**B.     The Settlement Amounts**

Next, the parties disagree as to whether (1) Alex must prove that their settlement with the plaintiffs was in good faith and/or reasonable, and (2) whether Safety can introduce evidence of the $50,000 settlement between Edwards and the plaintiffs.

*i.     The plaintiffs and Alex*

The first issue is easy: Alex does not have to prove to the jury that their settlement with the plaintiffs was in good faith or reasonable. This type of finding is a matter for the Court to decide, not the jury. *Johnson v. United Airlines*, 203 Ill. 2d 121, 129, 784 N.E.2d 812, 818 (2003). And here, Safety never motioned the Court to consider whether the settlement between the plaintiffs and Alex was in good faith. Rather, Safety signed a Rule 41(a)(1)(a)(ii) stipulated dismissal on the matter in which they objected to the "the allocation of damages" in the settlement—a matter which will be resolved by the jury in this case when allocating liability on the verdict form. (Doc. 260.) Since Safety never objected to the dollar amount of the settlement, that argument is deemed waived.

*ii.     The plaintiffs and Edwards*

Safety also wishes to introduce evidence of the $50,000 good-faith settlement between the plaintiffs and Edwards. Basically, Safety thinks that Edwards is more liable in this case than they are, so it is important for the jury to know that Edwards only settled out for $50,000.

Despite the logic behind Safety's argument, they cannot introduce evidence of the Edwards settlement as a matter of law. The Federal Rules of Evidence govern the admissibility of evidence in federal court—even in diversity cases—so long as those rules are procedural in

9

character. *See Park v. City of Chicago*, 297 F.3d 606, 611–12 (7th Cir. 2002) (holding that the exclusion of documents as a sanction for nondisclosure in a diversity case is governed by the federal rules, not the Illinois Record Act) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Hanna*, 380 U.S. 469–74 (1965)); *see also Flaminio v. Honda Motor Co.*, 733 F.2d 463, 472 (7th Cir. 1984) (holding that the admissibility of remedial measures under Rule 407 is an issue of procedure, not substance). Federal Rule of Evidence 408 governs evidence of settlement agreements. And the spirit and purpose behind that rule is to prohibit parties from introducing settlement evidence if the potential "chilling effect on future settlement negotiations" outweighs the need for the evidence in the first place. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005). That balance will generally "tip in favor of admitting evidence when the settlement communications at issue arise out of a dispute distinct from the one for which the evidence is being offered." *Id.* at 689.

But here, the Edwards settlement and the forthcoming trial arise from the exact same dispute in the exact same case: the traffic accident in the construction zone on I-70 westbound. Moreover, the Court has already found that the settlement between the plaintiffs and Edwards was in good faith. (Doc. 209.) Accordingly, to avoid any chilling effect on future good-faith settlement negotiations, the Court must bar Safety from introducing any evidence of the Edwards settlement agreement pursuant to Rule 408.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS**:

- The verdict form in this case shall include Edwards-Kamadulski, LLC, Alexandria Transportation, Alexandre Solomakha, Alex Express, LLC, and Safety International, LLC;

- The verdict form shall not include plaintiffs Thomas and Diane Roberts;

- Alexandria Transportation, Alexandre Solomakha, and Alex Express, LLC are not required to prove to the jury that their settlement with plaintiffs Thomas and Diane Roberts was in good faith and/or reasonable; and

- No party may introduce evidence at trial of the settlement amount between the plaintiffs and Edwards-Kamadulski, LLC.

**IT IS SO ORDERED.**

**DATED: MAY 14, 2018**

<u>*s/ J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**