UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS ROBERTS and<br>DIANE ROBERTS,<br><br>   Plaintiffs,<br><br> v.<br><br>ALEXANDRIA TRANSPORTATION, INC., *et al.*,<br><br>   Defendants.<br><br>ALEXANDRIA TRANSPORTATION, INC., *et al.*,<br><br>   Third-Party Plaintiffs,<br><br> v.<br><br>SAFETY INTERNATIONAL, LLC,<br><br>   Third-Party Defendant. | Case No. 3:14-cv-01063-JPG-SCW |

## **MEMORANDUM AND ORDER**

Third-party defendant Safety International, LLC ("Safety") has filed a motion asking the Court to reconsider its prior decision to deny one of Safety's motions in limine. (ECF No. 305.) Safety had previously asked the Court to bar the third-party plaintiffs from arguing at trial that Safety had a duty to train a traffic flagger that was employed by another company: former third-party defendant Edwards-Kamadulski, LLC. (ECF No. 278, pp. 3–4.) Safety believes that pursuant to Federal Rule of Civil Procedure 8(a)(2), the amended third-party complaint does not put them on fair notice that the third-party plaintiffs intended to bring this argument, resulting in manifest and unjust prejudice to Safety. Specifically, Safety points out that the pleading alleges

1

that Safety failed to properly train and supervise its own employees and agents, but it does not specifically allege that Safety failed to properly train and supervise Edwards-Kamadulski, LLC's employees and agents. After a hearing on all of the pending motions in limine in this case, the Court denied Safety's motion from the bench. (*See* ECF No. 302.)

It is well-settled that Federal Rule of Civil Procedure 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Under Rule 60(b), a court may relieve a party from an order where there is "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial," or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

The Court must again reject Safety's argument. First, the third-party complaint sufficiently put them on notice of the third-party plaintiffs' flagger argument. Paragraph 47 states that Safety "had the duty to exercise ordinary and reasonable care in the operation, maintenance, management, inspection and ensuring the safety of said construction site for those persons there and about, traveling through and traveling on in the area of Interstate 70…." (ECF No. 116, ¶ 47.) Then, paragraph 49 gives a laundry list of examples of ways that Safety allegedly failed in their duties, including failing "to manage the construction site in a safe and suitable manner" and failing "to require appropriate safety standards so as to warn oncoming motorist of abrupt stops." (*Id.* at ¶ 49.) And Safety certainly seemed to understand that the allegations applied to their

supposed failure to train the Edwards-Kamadulski flagger, considering they filed a motion for summary judgment on this issue wherein one of their arguments was "Safety International was not responsible for and had no involvement in training regarding traffic control functions [of] any Edwards-Kamadulski employees…." (ECF No. 234, ¶ 9.) Moreover, Safety's counsel's questions at the deposition of one of the third-party plaintiffs' expert witnesses were centered on this same issue and certainly indicates that Safety was on notice of the flagger argument. (*See* Alan Kundtz Dep., ECF No. 310, Ex. B, 58:8–58:20. 62:18–63:2, 63:25–64:6.) So the record indicates that Safety has been litigating the Edwards-Kamadulski traffic flagger issue all along.

But even if the amended third-party complaint fails in the manner that Safety suggests, Safety has waived their argument. In the Seventh Circuit, "[t]he non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment." *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) (citing *Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999)). Here, not only did Safety fail to raise their argument at the summary judgment stage, but they filed their *own* motion for summary judgment arguing the merits as to why they had no duty to train the flagger. Only now have they brought their argument that the pleading fails to put them on notice of that argument at all pursuant to Federal Rule of Civil Procedure 8(a)—in complete contradiction of their position earlier in the case, when they clearly conveyed that they were on notice of the same. Although *Nichols* says that the waiver rule applies to non-moving parties who fail to bring certain arguments in response to a motion to summary judgment, the spirit of that rule must certainly apply to a situation like this.

In the alternative, Safety asks the Court to re-open discovery on a limited basis so they can depose an Illinois Department of Transportation representative on the traffic flagger issue.

Because neither party will suffer prejudice from this one deposition, the Court will grant Safety's alternative request. Safety must complete the deposition by October 31, 2018.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Safety's motion to reconsider (ECF No. 305.) The Court **DENIES** Safety's motion for a hearing on this matter. (ECF No. 307.) The Court will **RE-OPEN** discovery in this case on a limited basis to allow Safety to depose one (1) Illinois Department of Transportation representative by October 31, 2018.

**IT IS SO ORDERED.**

**DATED: AUGUST 9, 2018**

>  s/ *J. Phil Gilbert*
>  **J. PHIL GILBERT**
>  **U.S. DISTRICT JUDGE**