# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS ROBERTS and<br>DIANE ROBERTS,<br><br>        Plaintiffs,<br><br>   v.<br><br>ALEXANDRIA TRANSPORTATION, INC.,<br>*et al.*,<br><br>        Defendants.<br>――――――――――――――――――<br>ALEXANDRIA TRANSPORTATION, INC.,<br>*et al.*,<br><br>        Third-Party Plaintiffs,<br><br>   v.<br><br>SAFETY INTERNATIONAL, LLC,<br><br>        Third-Party Defendant. | Case No. 3:14-cv-01063-JPG-SCW |

## **MEMORANDUM AND ORDER**

The Illinois Joint Tortfeasor Contribution Act says that "[n]o tortfeasor is liable to make contribution beyond his own pro rata share of the common liability." 740 ILCS 100/2(b). And a tortfeasor's "pro rata share" is simply their "percentage share [of liability in a case] as assessed by the trier of fact." *Truszewski v. Outboard Motor Marine Corp.*, 292 Ill. App. 3d 558, 561, 685 N.E.2d 992, 994 (1997). So in this case—and as the Court more meticulously explained in a prior order (*see generally* ECF No. 276)—there must be three tortfeasors on the verdict form for the trier of fact to assign "pro rata shares" to: (1) defendants/third-party plaintiffs Alexandria Transportation, Alexandre Solomakha, and Alex Express, LLC (collectively, "Alex"); (2) third-

1

party defendant Safety International, LLC ("Safety"); and (3) third-party defendant Edwards-Kamadulski, LLC ("Edwards").

Edwards has been a problem in this case for a long time, and they rear their head again here. Several years ago, Edwards settled with the original plaintiffs in this case—the Roberts—for a tiny sum that may not reflect their pro rata share of the common liability in this case. And even though that sum was small, the Court found that the settlement was in good faith. (ECF No. 209.) Alex then settled with the original plaintiffs for a very large sum, and now are seeking contribution towards that settlement from Safety—the only remaining third-party defendant in the case. Now, Safety says that they are only required to contribute their percentage share of liability as determined by the jury—which simply amounts to multiplying Safety's percentage share from the verdict from by the settlement amounts in this case. (ECF Nos. 301, 312.) Alex, on the other hand, says that is not fair. They argue that they have voluntarily picked up the tab for both Safety and Edwards via their large settlement with the original plaintiffs, and that if Safety only pays whatever percentage of liability that the jury finds Safety is liable for, then Alex is essentially paying for Edwards's share of liability in this case—meaning Alex is paying more than its own pro rata share. (ECF No. 290.)

There is very little case law on this matter. Alex cites to *Illinois Tool Works, Inc. v. Indep. Mach. Corp.*, 345 Ill. App. 3d 645, 802 N.E.2d 1228 (2003)—a case where the plaintiff, defendant/third-party plaintiff, and third-party defendants match up nearly identically to this case. And in *Illinois Tool Works*, one of the third-party defendants settled with the original plaintiff for a small sum and exited the case—just like *Edwards* did here. And then, the defendant/third-party plaintiff settled with the original plaintiff for a much larger sum—just like Alex and the Roberts family did here. So in order to fairly determine each party's pro rata share,

the court in *Illinois Tool Works* came up with a formula that basically just distributes the settling third-party defendant's unpaid portions of the common liability to the remaining parties, in shares proportional to those remaining parties' pro rata shares as determined by the jury. *Id.* at 656–60.

The reason why *Illinois Tool Works* did that, however, is because of this section of the Illinois Joint Tortfeasor Contribution Act:

> The pro rata share of each tortfeasor shall be determined in accordance with his relative culpability. However, no person shall be required to contribute to one seeking contribution an amount greater than his pro rata share unless the obligation of one or more of the joint tortfeasors is uncollectible. In that event, the remaining tortfeasors shall share the unpaid portions of the uncollectible obligation in accordance with their pro rata liability.

740 ILCS 100/3; *Id.* at 649. In *Illinois Tool Works*, the settling third-party defendant was an "uncollectable" party under the statute because the Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, placed a statutory cap on that party's total liability in the case. *Id.* (citing *Kotecki v. Cyclops Welding Corp.*, 146 Ill.2d 155, 166 Ill.Dec. 1, 585 N.E.2d 1023 (1991)).

Here, Edwards was not an "uncollectable" party pursuant to 740 ILCS 100/3. There was no statutory cap on Edwards's liability in this case, and unlike in *Illinois Tool Works*, it appears that the original plaintiffs here chose to settle for a small amount with *Edwards* for other reasons—and the Court already found that the settlement was in good faith. (ECF No. 209.) And while it would be beneficial if more Illinois state cases spoke to when a party is "uncollectable" under the statute—neither *Truszewski*, 685 N.E.2d 992 nor *Barnai v. Wal-Mart Stores, Inc.,* 2017 IL App (1st) 171940, 93 N.E.3d 534 (2017), two cases that were previously instructive on the verdict form issue, truly touch on the merits of this particular problem—the Court believes that the statutory cap factor in *Illinois Tool Works* is enough to distinguish it from this case.

3

To loop back to the first sentence of this order, this holding is in harmony with the text of the Illinois Joint Tortfeasor Contribution Act: "[n]o tortfeasor is liable to make contribution beyond his own pro rata share of the common liability." 740 ILCS 100/2(b). Here, Alex voluntarily chose to settle with the original plaintiffs for a large sum that may be more than their pro rata share. Safety did not. If the principal idea behind the Illinois Joint Tortfeasor Contribution Act is fairness to the parties—which both parties seem to agree about here—then it seems unfair to force Safety to pay more than their pro rata share when they are not the ones who went out and voluntarily settled for more than their own pro rata share, like Alex may have done. While the Court understands that Alex "stuck their neck out" for everyone via their settlement agreement with the original plaintiffs, that settlement agreement makes someone here a loser— and for principles of fairness, it unfortunately must be the party who chose to craft that settlement agreement in the first place. Following trial, Safety will only be liable to contribute whatever percentage of fault the jury assigns to them.

**IT IS SO ORDERED.**

**DATED: JANUARY 22, 2019**

**s/ *J. Phil Gilbert*** 
**J. PHIL GILBERT** 
**U.S. DISTRICT JUDGE**
