UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS ROBERTS and
DIANE ROBERTS,

    Plaintiffs,

  v.

ALEXANDRIA TRANSPORTATION, INC., *et al.*,

    Defendants.

ALEXANDRIA TRANSPORTATION, INC., *et al.*,

    Third-Party Plaintiffs,

  v.

SAFETY INTERNATIONAL, LLC,

    Third-Party Defendant.

Case No. 3:14-cv-01063-JPG-MAB

## **MEMORANDUM AND ORDER**

This Court previously held a motion hearing on, among many other motions, the third-party plaintiffs' Motion in Limine No. 11 pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rules of Evidence 702 and 703—aimed at excluding the expert testimony of Jerome Corsi over alleged Federal Motor Carrier Safety Administration regulations by the third-party plaintiffs. (ECF No. 289.) At the time, the Court explained that it would reserve ruling on the matter until it could see the specific deposition designations that the third-party defendant wished to introduce into evidence on the matter. The third-party defendant has since done so. (ECF No. 303-1.)

1

In *Daubert*, the Supreme Court held that Federal Rule of Evidence 702 requires district judges to be gatekeepers for proposed scientific evidence. *Daubert*, 509 U.S. at 589; *see also General Elec. v. Joiner*, 522 U.S. 136, 142 (1997). For scientific evidence to be admissible, a district court must find it relevant and reliable; it must be scientific knowledge grounded "in the methods and procedures of science"; and it must consist of more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 589–90.

In 2000, Rule 702 evolved in response to *Daubert*. *United States v. Conn*, 297 F.3d 548, 555 (7th Cir. 2002). In its current form, it reads as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

Here, the Court has reviewed the proposed deposition designation and will allow third-party defendant Safety International, LLC to submit it as evidence at trial. And while the Court notes the third-party plaintiff's opposition to this—including both their *Daubert* and Rule 703 arguments—the Court believes that their objections are better suited to cross-examination of Mr. Corsi at trial rather than complete exclusion of Mr. Corsi, just as this Court has explained with many of the other motions in limine in this case.

**IT IS SO ORDERED.**

**DATED: FEBRUARY 20, 2019**

s/ *J. Phil Gilbert*
J. PHIL GILBERT
U.S. DISTRICT JUDGE
