# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS ROBERTS and <br> DIANE ROBERTS, <br><br>       Plaintiffs, <br><br> v. <br><br> ALEXANDRIA TRANSPORTATION, INC., *et al.*, <br><br>       Defendants. <br> _____ <br><br> ALEXANDRIA TRANSPORTATION, INC., *et al.*, <br><br>       Third-Party Plaintiffs, <br><br> v. <br><br> SAFETY INTERNATIONAL, LLC, <br><br>       Third-Party Defendant. | Case No. 3:14-cv-01063-JPG-MAB |

## MEMORANDUM AND ORDER

Following a trial on Alexandria Transportation's, Alexandre Solomakha's, and Alex Express, LLC's (collectively, "Alex's") contribution claim against remaining third-party defendant Safety International, LLC ("Safety"), each party filed post-trial motions. First, Safety has renewed their motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). (ECF No. 342.) That rule allows the Court to direct entry of judgment as a matter of law in favor of a party if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [opposing] party on that issue." FED. R. CIV. P. 50(a)(1). When deciding whether to do so, the Court should consider all of the evidence, but (1) must draw all reasonable inferences in favor of the non-moving party, (2) must not make credibility determinations, and (3) cannot weigh

1

the evidence in contravention of what the fact-finder may have done. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "That is, the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (quoting 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2529, at 300 (2d ed. 1995)). This standard mirrors the standard for granting summary judgment. *Reeves*, 530 U.S. at 150 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986)); *Murray v. Chicago Transit Auth.*, 252 F.3d 880, 887 (7th Cir. 2001).

Here, the Court cannot grant Safety's request. The jury in this case was tasked with determining each party's percentage of liability in tort to the original plaintiff. And they found that Safety was 10% liable, Alex was 15% liable, and Edwards-Kamadulski, LLC ("Edwards")—a former third-party defendant who needed to be on the verdict form in order to accurately determine each party's pro rata share of liability here—was 75% liable. (ECF No. 337.) Safety argues that the jury's verdict cannot stand because there was no evidence in this case that they had any duty to the original plaintiffs—specifically because representatives for both Safety and Edwards testified that the contract between them placed no legal duty on Safety—but the jury in this case believed otherwise. That may be due, at least in part, to the following testimony:

> Q. (By Alex's Counsel) Mr. Edwards, you and I saw each other out in the hall earlier, is that right?
>
> A. Yes, we did.
>
> Q. And you were upset this morning that you would have to come back here this afternoon, weren't you?
>
> A. No, I wasn't upset.
>
> Q. No?
>
> A. No.

Q. Didn't you, in fact, tell me that I don't want to call you in this case because you will try to destroy my case? Didn't you make that statement, sir?

A. No, I didn't.

Q. Okay. Thank you.

(ECF No. 351, pp. 128:6–18.) The jury in this case was the ultimate finder of fact, and it was entitled to give the testimony in this case whatever weight it deserved. This Court does not have the legal authority to second-guess that. The Court accordingly must deny Safety's motion.

There is one other procedural matter to address in regards to Safety's post-trial motion. Even though Safety filed it 28 days after the verdict, they did not use that time to provide citations to the trial transcript—presumably because they did never ordered it. Instead, Alex ordered the transcript after Safety filed their motion and accurately cited to it in their response brief. Then, Safety filed a reply brief—which Local Rule 7.1 instructs "are not favored and should be filed only in exceptional circumstances"—in which Safety stated "that such [exceptional] circumstances exist based on the fact the transcript of the trial is now available and in the possession of Safety International's counsel." That is in poor taste and is certainly not an exceptional circumstance. Safety could have ordered the transcript after trial, but they instead waited and shifted that financial burden to the opposing party. Alex accordingly filed a motion to strike Safety's reply brief pursuant to Local Rule 7.1 (ECF No. 354), and the Court will grant that request.

Finally, Alex has filed a motion under Federal Rules of Civil Procedure 59(e) and 52(b) asking the Court to reconsider some prior rulings and amend the judgment. (ECF No. 341.) Rule 59(e) allows the Court to amend a judgment if the movant "can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations

and citations omitted). This form of relief is only available if the movant clearly establishes the manifest error. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Here, most of Alex's issues center on the verdict form and how to deal with Edwards: an issue that has permeated this case for a long time. It has resulted in several dedicated motion hearings, along with two written orders from this Court. (*See* ECF Nos. 276, 318.) With all due respect to Alex's impassioned arguments, they have not presented any new law or evidence under Rule 59(e) that would lead this Court to change those rulings. If Alex still believes that the Court has erred, then their arguments at this stage are best suited with the appellate court. The Court will, however, grant Alex's motion insofar as it asks for a second, sealed judgment that reflects the confidential dollar amounts in this case.

So for the foregoing reasons, the Court:

- **DENIES** Safety's motion for judgment as a matter of law (ECF No. 342);

- **GRANTS** Alex's motion to strike Safety's reply brief (ECF No. 354);

- **DIRECTS** the Clerk of Court to **STRIKE** Safety's reply brief (ECF No. 353);

- **GRANTS IN PART** and **DENIES IN PART** Alex's motion to alter the judgment (ECF No. 341); and

- **DIRECTS** the Clerk of Court to enter a second, sealed judgment that reflects the dollar amount of the settlement in this case.

**IT IS SO ORDERED.**

**DATED: JUNE 25, 2019**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
